IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HMK ENTERPRISES, INC., ROBERT ACKERMAN and STEVEN KAROL, <br><br> Plaintiffs, <br><br> v. <br><br> THE CHUBB CORPORATION FEDERAL INSURANCE COMPANY CHUBB & SON, INC., <br><br> Defendants. | 04 12688 MLW <br><br> MAGISTRATE JUDGE Bowler <br><br> Civil Action No. _____ |

04 12688 MLW

RECEIPT # _____
AMOUNT $150
SUMMONS ISSUED N/A
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. TCM
DATE 12-23-04

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(a), Defendants THE CHUBB CORPORATION ("Chubb"), FEDERAL INSURANCE COMPANY ("Federal") and CHUBB & SON INC. ("Chubb & Son") file this Notice to remove the above-captioned case to this Court and, in support of removal, respectfully state as follows:

1. Chubb, Federal and Chubb & Son are defendants in a civil action brought on or about November 12, 2004, in the Superior Court of Suffolk, Massachusetts, styled <u>HMK Enterprises, Inc., et al. v. The Chubb Corporation, et al.</u>, No. 04-4969-E.

2. A copy of the Complaint was served on Defendant Chubb & Son on December 3, 2004. Defendant Chubb was served on December 9, 2004. Defendant Federal was served on December 10, 2004. This Notice of Removal is therefore filed within thirty (30) days of service of the complaint and is timely filed under 27 U.S.C. § 1446(b).

3. A copy of the complaint and the summons, being all of the papers served upon Defendants in this action, is attached hereto as **Exhibit A**.

BOST1-846031-1

4.  The district courts of the United States have original jurisdiction over this action based on diversity of citizenship between the parties. The Defendants are now and were at the time the action commenced diverse in citizenship from all of the Plaintiffs and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.  Plaintiff HMK Enterprises, Inc. ("HMK") is a corporation organized and incorporated under the laws of the state of Delaware, and has its principal place of business now and at the time this action was commenced in Waltham, Massachusetts.

6.  Plaintiff Robert Ackerman ("Ackerman") is an individual resident and citizen of the Commonwealth of Massachusetts.

7.  Plaintiff Steven Karol ("Karol") is an individual resident and citizen of the Commonwealth of Massachusetts.

8.  Defendant Chubb is a corporation organized and incorporated under the laws of the State of New Jersey, and has its principal place of business now and at the time this action was commenced in New Jersey.

9.  Defendant Federal is a corporation organized and incorporated under the laws of the State of Indiana, and has its principal place of business now and at the time this action was commenced in New Jersey.

10. Defendant Chubb & Son is a corporation organized and incorporated under the laws of the State of New York, and has its principal place of business now and at the time this action was commenced in New Jersey.

11. In this action, the Plaintiffs seek insurance coverage under Policy No. 8122-2404 (the "Policy"), issued by Federal to HMK. The Policy has a policy limit of $5 million.

12. The Plaintiffs seek coverage under the Policy for defense costs and other loss incurred in <u>Sheffield Steel Corporation v. HMK Enterprises, Inc. et al</u>, No. 03-0134 (the "Underlying Action), an adversary proceeding filed against HMK, Karol and Ackerman in Bankruptcy Court for the Northern District of Oklahoma. The Plaintiff in the Underlying Action sought to recover allegedly improper dividend payments made to HMK, Karol and Ackerman and other shareholders. Those allegedly improper payments totaled more than $12.5 million. In addition, the Plaintiff sought to recover $6,822,707 in stock redemption payments made to Ackerman. The parties in the Underlying Action have agreed to a settlement which, if approved by the bankruptcy court, would involve payments exceeding $5 million. Thus, the amount in controversy far exceeds $75,000.

13. Removal of this action is proper under 28 U.S.C. § 1441 since it is a civil action brought in a state court, and the district courts of the United States have original jurisdiction over the subject matter under U.S.C. § 1332 because the plaintiffs and defendants are diverse in citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

WHEREFORE, Chubb, Federal, and Chubb & Son, the only defendants in this action, pursuant to 28 U.S.C. § 1441 and in conformance with the requirements set forth in 28 U.S.C. § 1446(b) and the Rules of the United States District Court for the District of Massachusetts, remove this action for trial from the Superior Court of Suffolk, Massachusetts, to this Court, on this 23rd day of December, 2004.

Dated: December 23, 2004

Respectfully submitted,

**DEFENDANTS,**

**THE CHUBB CORPORATION, FEDERAL INSURANCE COMPANY, and CHUBB & SON, INC.,**

By their attorneys,

*[signature]*

Stephen J. Abarbanel (BBO # 010100)
Lee M. Holland (BBO # 650617)
**ROBINSON & COLE LLP**
One Boston Place; 25th Floor
Boston, MA 02108-4404
(617) 557-5900

*Counsel:*
Jonathan A. Constine, Esq.
Douglas S. Crosno, Esq.
Hogan & Hartson LLP
555 Thirteenth Street, NW
Washington, DC 20004
Phone: 202/637-6885
Fax: 202/637-5910

## CERTIFICATE OF SERVICE

I, Lee M. Holland, hereby certify that on this 23rd day of December, 2004, I served a true copy of the foregoing document via first-class mail, postage prepaid, upon the following:

Howard M. Cooper
Kevin T. Peters
Heidi A. Nadel
Todd & Weld, LLP
28 State Street
Boston, MA 02110

*[signature]*

Lee M. Holland

\\\DC - 57212/0113 - 2036418 v1

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
RICHARD J. FORTUNA

### DEFENDANTS
JOHN E. POTTER

(b) County of Residence of First Listed Plaintiff: **ESSEX**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: **UNKNOWN**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
617 720 2400

Attorneys (If Known)

**04 12697 MLW**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** / ☐ 370 Other Fraud / ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment / Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Age Discrimination and harassment of probationary postal service employee

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ More than $50,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: December 23, 2004
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                                    SUPERIOR COURT DEPARTMENT

HMK ENTERPRISES, INC., )
ROBERT ACKERMAN and )
STEVEN KAROL., )
 )
Plaintiffs, )
 )                                    04-4969
 )                                    Civil Action No. 04-_____
v. )
 )
THE CHUBB CORPORATION, )
FEDERAL INSURANCE )
COMPANY, CHUBB & SON, INC.,)
 )
Defendants. )

## COMPLAINT

Plaintiffs HMK Enterprises, Inc. ("HMK"), Robert Ackerman ("Mr. Ackerman") and Steven Karol ("Mr. Karol") (collectively, "the Insureds") bring this action for a judgment declaring that Defendants The Chubb Corporation, The Federal Insurance Company and Chubb & Son, Inc. are obligated to provide insurance coverage, including indemnification and advancement of defense costs, to the Insureds in connection with a lawsuit brought against the Insureds in the United States Bankruptcy Court for the Northern District of Oklahoma. The Insureds also seek damages against Chubb for its breach of contract, and breach of the duty of good faith and fair dealing based on, among other things, refusing to provide coverage for claims against the Insureds where insurance coverage is required, reversing its longstanding coverage position upon which the Insureds have relied for over a year and taking these actions in bad faith and at a time and under circumstances designed to deter the Insureds from pursuing the litigation

1

because of the threat that their defense costs would not be covered and thus coercing them into using their own money to settle the case at the mediation.

## PARTIES

1. Plaintiff HMK Enterprises, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 800 South Street, Waltham, Massachusetts in Middlesex County.

2. Mr. Ackerman is an individual residing in Boston, Massachusetts, Suffolk County. Mr. Ackerman is the former Chief Executive Officer and a former director of Sheffield Steel, HMK's former subsidiary.

3. Mr. Karol is an individual residing in Boston, Massachusetts, Suffolk County. Mr. Karol is a former director of Sheffield Steel, HMK's former subsidiary.

4. Defendant The Chubb Corporation, informally known as "the Chubb Group of Insurance Companies," was at all relevant times, and is, a corporation organized under the laws of the State of New Jersey, that is authorized to and does conduct business in the Commonwealth of Massachusetts, with its principal place of business located at 15 Mountain View Road in Warren, New Jersey.

5. Defendant Federal Insurance Company ("Federal") was at all relevant times, and is, a corporation organized under the laws of the State of Indiana, that is authorized to and does conduct business in the Commonwealth of Massachusetts, with its principal place of business located at 15 Mountain View Road in Warren, New Jersey. Federal is a wholly-owned subsidiary of, and a "principal member" of Chubb.

6. Defendant Chubb & Son, Inc. ("Chubb & Son") was at all relevant times, and is, a corporation organized under the laws of the State of New York, that is authorized to and does

2

conduct business in the Commonwealth of Massachusetts, with its principal place of business located at 15 Mountain View Road in Warren, New Jersey. Chubb & Son is a division of Federal. Chubb Corporation, The Federal Insurance Company and Chubb & Son, Inc. are referred to collectively as "the Defendants" or "Chubb".

## JURISDICTION AND VENUE

7. Jurisdiction of this Court over this matter is proper in that, *inter alia*, all of the parties are either residents of the Commonwealth of Massachusetts or have conducted substantial business in Massachusetts directly related to the claims of this case.

8. Venue is proper in this Court because, *inter alia*, one or more of the defendants resides in this county.

## FACTS

9. On or about September 25, 2002, Chubb issued Policy No. 8122-2404 ("the Policy") to HMK for the policy period September 1, 2002 to September 1, 2003. HMK is the Insured Organization under the Policy. The "Insured Persons" under the Policy are defined to include (1) "[a]ny person who has been, now is, or shall become a duly elected director or a duly elected or appointed officer of the Insured Organization . . . [and] [a]ny past, present or future director, officer of the Insured Organization; and (2) the Insured Organization . . . and its subsidiaries."

10. Sheffield Steel Corporation ("Sheffield") is an Oklahoma corporation. On December 7, 2001, Sheffield filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Oklahoma. On July 26, 2002, the Bankruptcy Court confirmed the "Second Amended and Restated Joint Plan of Reorganization" ("the Plan"), which became effective on August 14, 2002. Sheffield

3

emerged from bankruptcy as Reorganized Sheffield. Prior to its bankruptcy filing, Sheffield was a subsidiary of HMK.

11. Mr. Ackerman was, at all times relevant to this lawsuit, the Chief Executive Officer and a director of Sheffield.

12. Mr. Karol was, at all times relevant to this lawsuit, a director of Sheffield.

13. After the Plan was confirmed, on July 10, 2003, Reorganized Sheffield commenced an Adversary Proceeding in the Northern District of Oklahoma Bankruptcy Court against the Insureds styled as *Sheffield Steel Corporation v. HMK Enterprises, Inc., Steven E. Karol and Robert W. Ackerman*, No. 03-0134. The Adversary Complaint was in four counts, including Avoidance and Fraudulent Transfer under the Oklahoma Uniform Fraudulent Transfer Act (OUFTA) section 117 against the Insureds (Count I), Avoidance and Fraudulent Transfer under the OUFTA section 116 against the Insureds (Count II), Improper Dividend against Mr. Ackerman and Mr. Karol as directors of Sheffield (Count III), and Improper Dividend against the Insureds as shareholders of Sheffield (Count IV).

14. The Insureds' counsel immediately notified Chubb of the Adversary Proceeding, sent Chubb a copy of the Adversary Complaint and requested that Chubb honor its obligations under the Policy.

15. Chubb initially denied coverage, claiming that the Plaintiff in the Adversary Proceeding (Reorganized Sheffield) was an Insured under the Policy and thus the Policy's "insured versus insured" exclusion applied. Chubb's position was entirely meritless. The Insureds, through counsel, demonstrated to Chubb that Reorganized Sheffield is not an HMK subsidiary and thus is not an Insured under the Policy and eventually Chubb reversed its meritless position on the "insured versus insured" exclusion. Chubb, however, refused to

reimburse the Insureds for legal costs incurred in connection with its wrongful and meritless assertion of the "Insured versus Insured" exclusion.

16. Thereafter, the Insureds' counsel wrote to Chubb concerning the availability of coverage under an additional Insuring Clause of the Policy. Chubb responded by letter, raising only three specific issues, which were reserved and later resolved, and otherwise acknowledged coverage.

17. Chubb approved the Insureds' retention of lead defense counsel and of local counsel in Oklahoma, agreed to provide coverage for the claims asserted in the Adversary Proceeding, agreed to pay all defense costs, and commenced paying defense costs. While Chubb stated generally, and vaguely that coverage was subject to the Policy terms and conditions, it did not indicate that it believed that any of the claims set forth in the Adversary Complaint would not be covered, never asserted that there would be or was any basis for any allocation of defense costs for uncovered versus covered claims or that the Policy would not cover HMK as an Insured Organization in connection with the claims asserted by Reorganized Sheffield (and instead expressly stated Chubb would provide coverage to HMK).

18. On December 5, 2003, in response to the Insureds' Motion to Dismiss the Adversary Complaint, Reorganized Sheffield filed its First Amended Adversary Complaint ("the Amended Complaint"). The Amended Complaint retained the four counts that were included in the Adversary Complaint and added five additional counts: Count V for Disallowance of Claim against the Insureds, Count VI against HMK for alleged indebtedness, Count VII against Mr. Ackerman and Mr. Karol as directors for breach of fiduciary duty, Count VIII against Mr. Ackerman for Avoidance and Recovery of Fraudulent Transfers under OUFTA section 117 and

5

Count IX against Mr. Ackerman for Avoidance and Recovery of Fraudulent Transfers under OUFTA section 116.

19. The Insureds, by their counsel, immediately notified Chubb of the Amended Complaint and provided a copy of the Amended Complaint to Chubb. At all times, the Insureds and their counsel kept Chubb fully informed of status of the Adversary Proceeding, sent copies of court papers to Chubb and sought approval for specific actions undertaken by the Insureds and their counsel in connection with the defense of the Adversary Proceeding. Furthermore, in the context of initial meetings with Plaintiff's counsel in the Adversary Proceeding, and with Chubb's prior approval, the Insureds' counsel revealed the Policy limits to counsel for Reorganized Sheffield and represented it availability and applicability to the claims in the Complaint.

20. After receiving the Amended Complaint, with the full knowledge and approval of Chubb, the Insureds filed a Motion to Dismiss certain counts of the Amended Complaint and separately filed a Motion for Summary Judgment on each and every count of the Amended Complaint. Chubb also approved and paid for investigation and filing of an indemnification action against Sheffield.

21. While the Motion to Dismiss and Motion for Summary Judgment were pending, the parties again discussed the possibility of mediation. The Insureds' counsel immediately notified Chubb and was told that the matter had been transferred to a new claims specialist. The new claims specialist explicitly approved of (and indeed himself suggested) the idea of mediation and, in late September or early October, the parties scheduled mediation for November 10, 2004, in Tulsa, Oklahoma before a retired federal judge as mediator. Mr. Ackerman, Mr. Karol and their counsel made travel arrangements to fly to Tulsa with the full

regard to the already scheduled mediation. Chubb's actions were in bad faith and designed to coerce its Insureds to use their own money to settle the case at the mediation.

25. On November 10, 2004, the parties engaged in mediation in Oklahoma. Despite demand by the Insureds and their counsel, Chubb refused to participate in the mediation in good faith and instead continued wrongfully to disclaim coverage and threaten the Insureds that future defense costs would be apportioned despite no reservation of this issue ever, and Chubb's payment of all defense costs for over a year. Chubb's bad faith actions were designed to deter the Insureds from pursuing the litigation and to coerce them into using their own money at the mediation.

26. The Insureds have no adequate remedy other than that sought herein by which their rights and remedies may be resolved in this dispute. Should Chubb's failure to honor its clear obligations continue, the Insureds will be without the funds to which they are entitled to defend themselves.

27. The Insureds have fully complied with all conditions contained in the Policy and relied upon the scope of coverage Chubb provided during the course of the Adversary Proceeding, statements made and approvals given by Chubb until recently, on its limited reservation of rights, and its actions following the resolution of these limited issues, which were reserved.

28. Chubb acted wrongfully and in bad faith in reversing its coverage position, denying coverage to HMK, denying coverage for seven of the nine counts of the Amended Complaint, denying coverage beyond defense costs for the remaining two claims, insisting upon allocation (which Chubb apparently also insists is retroactive despite that it never mentioned

8

allocation for nearly two years) and in literally destroying the mediation efforts set up to settle the Adversary Proceeding in its entirety.

## Count I – Declaratory Judgment

29. Plaintiffs allege and incorporate herein by reference Paragraphs 1 through 28 above in their entirety.

30. Chubb has refused to indemnify, defend or provide insurance coverage to the Insureds as it is required to under the Policy. Accordingly, there now exists an actual case or controversy between the Insureds and Chubb.

31. The Insureds are entitled to a judgment, pursuant to M.G.L. c. 231A, declaring that Chubb is obligated to indemnify the Insureds in the Adversary Proceeding and to reimburse the Insureds for their attorney's fees and costs incurred in connection with defending the Adversary Proceeding.

## Count II – Breach of Contract

32. Plaintiffs allege and incorporate herein by reference Paragraphs 1 through 31 above in their entirety.

33. Chubb issued Policy No. 8122-2404 to HMK and thereby agreed to provide coverage for the Insureds during times relevant to this lawsuit.

34. Chubb breached this insurance contract.

35. As a result of Chubb's breach of contract, the Insureds have suffered and continue to suffer damages.

## Count III – Breach of Duty of Good Faith and Fair Dealing

36. Plaintiffs allege and incorporate herein by reference Paragraphs 1 through 35 above in their entirety.

9

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial as to all claims and issues so triable.

Respectfully submitted,

HMK ENTERPRISES, INC., ROBERT ACKERMAN and STEVEN KAROL,

By their attorneys,

*/s/ Heidi A. Nadel*

Howard M. Cooper (BBO #543842)
Kevin T. Peters (BBO # 550522)
Heidi A. Nadel (BBO#641617)
TODD & WELD LLP
28 State Street
Boston, MA 02110

DATED: November 12, 2004

11

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION



No. 04-4969

HMK Enterprises, Inc., Robert Ackerman and Steven Karol
_____, Plaintiff(s)

v.

The Chubb Corporation, Federal Insurance Company, Chubb & Son., Inc.,
_____, Defendant(s)

## SUMMONS

The Chubb Corporation

To the above-named Defendant:

You are hereby summoned and required to serve upon Howard M. Cooper, Esq. Todd & Weld, LLP, 28 State Street, 31st Floor, Boston, MA 02109
plaintiff's attorney, whose address is (above) , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the 3rd day of December, in the year of our Lord two thousand and four.



Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

☑ 002

12/14/2004 14:31 FAX 2147540711

**CT System**

8100-24-04
ER 98409

5I

**Service of Process Transmittal Form**
Boston, Massachusetts

12/03/2004

Via Federal Express (2nd Day)

TO: General Counsel
The Chubb Corporation
15 Mountain View Road
Warren, NJ 07061-1615

CHUBB GROUP
DEC 0 8 2004
CLAIMS/DALLAS ②

RECEIVED
DEC 6 2004
By_____

RE: **PROCESS SERVED IN MASSACHUSETTS**

FOR: Chubb & Son, Inc. Domestic State: NY

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| 1. TITLE OF ACTION: | HMK Enterprises Inc., et al., Pltf. vs The Chubb Corporation, et al. Including Chubb & Son, Inc., Deft. |
| 2. DOCUMENT(S) SERVED: | Summons, Complaint |
| 3. COURT: | Commonwealth of Massachusetts, Suffolk Superior Court Case Number 04-+4969 |
| 4. NATURE OF ACTION: | Declaratory Judgment/Breach of Contract/Breach of Duty of Good Faith and Dealing |
| 5. ON WHOM PROCESS WAS SERVED: | CT Corporation System, Boston, Massachusetts |
| 6. DATE AND HOUR OF SERVICE: | By Process server on 12/03/2004 at 13:00 |
| 7. APPEARANCE OR ANSWER DUE: | Within 20 Days |
| 8. ATTORNEY(S): | Heidi A. Nadel<br>Todd & Weld LLP<br>28 State Street<br>Boston, MA 02110 |
| 9. REMARKS: | |

SIGNED    CT Corporation System
PER       Yvette Concepcion
ADDRESS   101 Federal Street
          Boston, MA 02110
          SOP WS 0006817399

Information contained on this transmittal form is recorded for CT Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

☑003

12/14/2004 14:31 FAX 2147540771

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 04-4969

HMK Enterprises, Inc., Robert Ackerman, and Steven Karol, _____, Plaintiff(s)

v.

The Chubb Corporation, Federal Insurance Company, Chubb & Son, Inc., _____, Defendant(s)

## SUMMONS

Chubb & Son, Inc.
c/o CT Corporation
101 Federal Street, Boston, MA 02110

To the above-named Defendant:

You are hereby summoned and required to serve upon __Howard M. Cooper, Esq.__ __Todd & Weld LLP, 28 State Street, 31st Floor, Boston, MA 02109__ plaintiff's attorney, whose address is __(above)__, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the ___3rd___ day of ___December___, in the year of our Lord two thousand __and four.__

*Michael Joseph Donovan*
Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER