MAS-20030912
guran

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

12/23/2004
02:39 PM

# SUCV2004-04969
## HMK Enterprises Inc et al v Chubb Corp et al

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 11/12/2004 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 12/23/2004 | **Session** | E - Civil E | | |
| **Origin** | 1 | **Case Type** | D01 - Specific performance of contract | | |
| **Lead Case** | | **Track** | A | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 02/10/2005 | **Answer** | 04/11/2005 | **Rule12/19/20** | 04/11/2005 |
| **Rule 15** | 02/05/2006 | **Discovery** | 01/01/2007 | **Rule 56** | 03/02/2007 |
| **Final PTC** | 06/30/2007 | **Disposition** | 11/12/2007 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
HMK Enterprises Inc
Active 11/12/2004

**Private Counsel 543842**
Howard M Cooper
Todd & Weld
28 State Street
31st Floor
Boston, MA 02109
Phone: 617-720-2626
Fax: 617-227-5777
Active 11/15/2004 Notify

**Private Counsel 550522**
Kevin T Peters
Todd & Weld
28 State Street
31st Floor
Boston, MA 02109
Phone: 617-720-2626
Fax: 617-227-5777
Active 11/15/2004 Notify

**Private Counsel 641617**
Heidi A Nadel
Todd & Weld
28 Street
31st Floor
Boston, MA 02109
Phone: 617-720-2626
Fax: 617-227-5777
Active 11/15/2004 Notify

**Plaintiff**
Robert Ackerman
Active 11/12/2004

MAS-20030912
gu .n

Case 1:04-cv-12688-MLW   Document 6   Filed 01/04/2005   Page 2 of 25
Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

12/23/2004
02:39 PM

## SUCV2004-04969
## HMK Enterprises Inc et al v Chubb Corp et al

**Plaintiff**
Steven Karol
Active 11/12/2004

**Defendant**
Chubb Corp
Served: 12/03/2004
Served (answr pending) 12/07/2004

**Private Counsel 010100**
Stephen J Abarbanel
Robinson & Cole LLP
1 Boston Place
Boston, MA 02108
Phone: 617-557-5900
Fax: 617-557-5999
Active 12/23/2004 Notify

**Private Counsel 650617**
Lee M Holland
Robinson & Cole LLP
1 Boston Place
Boston, MA 02108
Phone: 617-557-5900
Fax: 617-557-5999
Active 12/23/2004 Notify

**Defendant**
Federal Ins Co
Served: 12/06/2004
Served (answr pending) 12/20/2004

**Private Counsel 010100**
Stephen J Abarbanel
Robinson & Cole LLP
1 Boston Place
Boston, MA 02108
Phone: 617-557-5900
Fax: 617-557-5999
Active 12/23/2004 Notify

**Private Counsel 650617**
Lee M Holland
Robinson & Cole LLP
1 Boston Place
Boston, MA 02108
Phone: 617-557-5900
Fax: 617-557-5999
Active 12/23/2004 Notify

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

## SUCV2004-04969
### HMK Enterprises Inc et al v Chubb Corp et al

| Defendant | |
|---|---|
| Chubb & Son Inc<br>Service pending 11/12/2004 | **Private Counsel 010100**<br>Stephen J Abarbanel<br>Robinson & Cole LLP<br>1 Boston Place<br>Boston, MA 02108<br>Phone: 617-557-5900<br>Fax: 617-557-5999<br>Active 12/23/2004 Notify<br><br>**Private Counsel 650617**<br>Lee M Holland<br>Robinson & Cole LLP<br>1 Boston Place<br>Boston, MA 02108<br>Phone: 617-557-5900<br>Fax: 617-557-5999<br>Active 12/23/2004 Notify |

## ENTRIES

| Date | Paper | Text |
|---|---|---|
| 11/12/2004 | 1.0 | Complaint |
| 11/12/2004 | | Origin 1, Type D01, Track A. |
| 11/12/2004 | 2.0 | Civil action cover sheet filed |
| 12/03/2004 | 3.0 | Motion of plffs for appointment of special process server  & Allowed (Burnes,J)] |
| 12/07/2004 | 4.0 | SERVICE RETURNED:  Chubb Corp(Defendant) (In hand on 12/3/04) |
| 12/20/2004 | 5.0 | Affidavit & Return Receipt Returned re: (Proof of Service) re: Federal Ins Co(Defendant) (Certified Mail 12/10/04) and Chubb Corporation (Certified Mail) |
| 12/23/2004 | | Certified copy of petition for removal to U. S. Dist. Court of Defts. The Chubb Corporation, Federal Insurance Company, and Chubb & Son, Inc., U. S. Dist.#(04-12688MJW). |
| 12/23/2004 | | Case REMOVED this date to US District Court of Massachusetts |

## EVENTS

I HEREBY ATTEST AND CERTIFY ON

DEC. 27, 2004 THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

ASSISTANT CLERK.

*Suffolk Superior Civil # 04 - 4969*

# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                    SUPERIOR COURT DEPARTMENT

|  |  |
|---|---|
| HMK ENTERPRISES, INC.,<br>ROBERT ACKERMAN and<br>STEVEN KAROL,<br><br>                    Plaintiffs,<br><br>            v.<br><br>THE CHUBB CORPORATION<br>FEDERAL INSURANCE COMPANY<br>CHUBB & SON, INC.,<br><br>                    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 04-4969<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' NOTICE TO SUPERIOR
## COURT OF REMOVAL OF ACTION

TO:    Clerk of the Superior Court for Suffolk County
       Civil Division
       John W. McCormack Post Office and Courthouse
       810 U.S. Post Office and Courthouse
       90 Devonshire Street
       Boston, MA 02109


       PLEASE TAKE NOTICE that Defendants THE CHUBB CORPORATION, FEDERAL

INSURANCE COMPANY and CHUBB & SON INC., have this day, pursuant to the provisions

of 28 U.S.C. § 1446(a), filed in the United States District Court for the District of Massachusetts

the attached *Notice of Removal* of the above-captioned action.  The federal court today docketed

the attached as Civil Action No. 04-12688MLW.

Dated: December 23, 2004

Respectfully submitted,

**DEFENDANTS,**

**THE CHUBB CORPORATION,**
**FEDERAL INSURANCE COMPANY, and**
**CHUBB & SON, INC.,**

By their attorneys,

Stephen J. Abarbanel (BBO # 010100)
Lee M. Holland (BBO # 650617)
**ROBINSON & COLE LLP**
One Boston Place; 25th Floor
Boston, MA  02108-4404
(617) 557-5900

*Counsel:*
Jonathan A. Constine, Esq.
Douglas S. Crosno, Esq.
Hogan & Hartson LLP
555 Thirteenth Street, NW
Washington, DC 20004
Phone: 202/637-6885
Fax: 202/637-5910

. HEREBY ATTEST AND CERTIFY ON

DEC. 27, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY

ASSISTANT CLERK.

## CERTIFICATE OF SERVICE

I, Lee M. Holland, hereby certify that on this 23rd day of December, 2004, I served a true copy of the foregoing document via first-class mail, postage prepaid, upon the following:

Howard M. Cooper
Kevin T. Peters
Heidi A. Nadel
Todd & Weld, LLP
28 State Street
Boston, MA 02110

Lee M. Holland

2

*Suffolk Superior Civil # 04-4969*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HMK ENTERPRISES, INC.,
ROBERT ACKERMAN and
STEVEN KAROL,

        Plaintiffs

v.

THE CHUBB CORPORATION
FEDERAL INSURANCE COMPANY
CHUBB & SON, INC.,

        Defendants.

**04    12688    MLW**

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(a), Defendants THE CHUBB CORPORATION ("Chubb"),

FEDERAL INSURANCE COMPANY ("Federal") and CHUBB & SON INC. ("Chubb & Son")

file this Notice to remove the above-captioned case to this Court and, in support of removal,

respectfully state as follows:

1.      Chubb, Federal and Chubb & Son are defendants in a civil action brought on or

about November 12, 2004, in the Superior Court of Suffolk, Massachusetts, styled <u>HMK</u>

<u>Enterprises, Inc., et al. v. The Chubb Corporation, et al.</u>, No. 04-4969-E.

2.      A copy of the Complaint was served on Defendant Chubb & Son on December 3,

2004. Defendant Chubb was served on December 9, 2004. Defendant Federal was served on

December 10, 2004. This Notice of Removal is therefore filed within thirty (30) days of service

of the complaint and is timely filed under 27 U.S.C. § 1446(b).

3.      A copy of the complaint and the summons, being all of the papers served upon

Defendants in this action, is attached hereto as <u>**Exhibit A**</u>.

4.      The district courts of the United States have original jurisdiction over this action based on diversity of citizenship between the parties. The Defendants are now and were at the time the action commenced diverse in citizenship from all of the Plaintiffs and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      Plaintiff HMK Enterprises, Inc. ("HMK") is a corporation organized and incorporated under the laws of the state of Delaware, and has its principal place of business now and at the time this action was commenced in Waltham, Massachusetts.

6.      Plaintiff Robert Ackerman ("Ackerman") is an individual resident and citizen of the Commonwealth of Massachusetts.

7.      Plaintiff Steven Karol ("Karol") is an individual resident and citizen of the Commonwealth of Massachusetts.

8.      Defendant Chubb is a corporation organized and incorporated under the laws of the State of New Jersey, and has its principal place of business now and at the time this action was commenced in New Jersey.

9.      Defendant Federal is a corporation organized and incorporated under the laws of the State of Indiana, and has its principal place of business now and at the time this action was commenced in New Jersey.

10.     Defendant Chubb & Son is a corporation organized and incorporated under the laws of the State of New York, and has its principal place of business now and at the time this action was commenced in New Jersey.

11.     In this action, the Plaintiffs seek insurance coverage under Policy No. 8122-2404 (the "Policy"), issued by Federal to HMK. The Policy has a policy limit of $5 million.

2

12.     The Plaintiffs seek coverage under the Policy for defense costs and other loss incurred in <u>Sheffield Steel Corporation v. HMK Enterprises, Inc. et al</u>, No. 03-0134 (the "Underlying Action), an adversary proceeding filed against HMK, Karol and Ackerman in Bankruptcy Court for the Northern District of Oklahoma. The Plaintiff in the Underlying Action sought to recover allegedly improper dividend payments made to HMK, Karol and Ackerman and other shareholders. Those allegedly improper payments totaled more than $12.5 million. In addition, the Plaintiff sought to recover $6,822,707 in stock redemption payments made to Ackerman. The parties in the Underlying Action have agreed to a settlement which, if approved by the bankruptcy court, would involve payments exceeding $5 million. Thus, the amount in controversy far exceeds $75,000.

13.     Removal of this action is proper under 28 U.S.C. § 1441 since it is a civil action brought in a state court, and the district courts of the United States have original jurisdiction over the subject matter under U.S.C. § 1332 because the plaintiffs and defendants are diverse in citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

WHEREFORE, Chubb, Federal, and Chubb & Son, the only defendants in this action, pursuant to 28 U.S.C. § 1441 and in conformance with the requirements set forth in 28 U.S.C. § 1446(b) and the Rules of the United States District Court for the District of Massachusetts, remove this action for trial from the Superior Court of Suffolk, Massachusetts, to this Court, on this 23rd day of December, 2004.

3

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                    SUPERIOR COURT DEPARTMENT

HMK ENTERPRISES, INC.,              )
ROBERT ACKERMAN and              )
STEVEN KAROL.,                           )
                                                    )
        Plaintiffs,                             )
                                                    )         Civil Action No. 04-_____
v.                                                  )
                                                    )
THE CHUBB CORPORATION,       )
FEDERAL INSURANCE                    )
COMPANY, CHUBB & SON, INC.,)
                                                    )
        Defendants.                          )

**04-4969**

## COMPLAINT

Plaintiffs HMK Enterprises, Inc. ("HMK"), Robert Ackerman ("Mr. Ackerman") and

Steven Karol ("Mr. Karol") (collectively, "the Insureds") bring this action for a judgment

declaring that Defendants The Chubb Corporation, The Federal Insurance Company and Chubb

& Son, Inc. are obligated to provide insurance coverage, including indemnification and

advancement of defense costs, to the Insureds in connection with a lawsuit brought against the

Insureds in the United States Bankruptcy Court for the Northern District of Oklahoma.  The

Insureds also seek damages against Chubb for its breach of contract, and breach of the duty of

good faith and fair dealing based on, among other things, refusing to provide coverage for claims

against the Insureds where insurance coverage is required, reversing its longstanding coverage

position upon which the Insureds have relied for over a year and taking these actions in bad faith

and at a time and under circumstances designed to deter the Insureds from pursuing the litigation

1

because of the threat that their defense costs would not be covered and thus coercing them into using their own money to settle the case at the mediation.

## PARTIES

1.     Plaintiff HMK Enterprises, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 800 South Street, Waltham, Massachusetts in Middlesex County.

2.     Mr. Ackerman is an individual residing in Boston, Massachusetts, Suffolk County.  Mr. Ackerman is the former Chief Executive Officer and a former director of Sheffield Steel, HMK's former subsidiary.

3.     Mr. Karol is an individual residing in Boston, Massachusetts, Suffolk County. Mr. Karol is a former director of Sheffield Steel, HMK's former subsidiary.

4.     Defendant The Chubb Corporation, informally known as "the Chubb Group of Insurance Companies," was at all relevant times, and is, a corporation organized under the laws of the State of New Jersey, that is authorized to and does conduct business in the Commonwealth of Massachusetts, with its principal place of business located at 15 Mountain View Road in Warren, New Jersey.

5.     Defendant Federal Insurance Company ("Federal") was at all relevant times, and is, a corporation organized under the laws of the State of Indiana, that is authorized to and does conduct business in the Commonwealth of Massachusetts, with its principal place of business located at 15 Mountain View Road in Warren, New Jersey.  Federal is a wholly-owned subsidiary of, and a "principal member" of Chubb.

6.     Defendant Chubb & Son, Inc. ("Chubb & Son") was at all relevant times, and is, a corporation organized under the laws of the State of New York, that is authorized to and does

2

conduct business in the Commonwealth of Massachusetts, with its principal place of business located at 15 Mountain View Road in Warren, New Jersey.  Chubb & Son is a division of Federal.  Chubb Corporation, The Federal Insurance Company and Chubb & Son, Inc. are referred to collectively as "the Defendants" or "Chubb".

## JURISDICTION AND VENUE

7.    Jurisdiction of this Court over this matter is proper in that, *inter alia*, all of the parties are either residents of the Commonwealth of Massachusetts or have conducted substantial business in Massachusetts directly related to the claims of this case.

8.    Venue is proper in this Court because, *inter alia*, one or more of the defendants resides in this county.

## FACTS

9.    On or about September 25, 2002, Chubb issued Policy No. 8122-2404 ("the Policy") to HMK for the policy period September 1, 2002 to September 1, 2003.  HMK is the Insured Organization under the Policy.  The "Insured Persons" under the Policy are defined to include (1) "[a]ny person who has been, now is, or shall become a duly elected director or a duly elected or appointed officer of the Insured Organization . . . [and] [a]ny past, present or future director, officer of the Insured Organization; and (2) the Insured Organization . . . and its subsidiaries."

10.    Sheffield Steel Corporation ("Sheffield") is an Oklahoma corporation.  On December 7, 2001, Sheffield filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Oklahoma. On July 26, 2002, the Bankruptcy Court confirmed the "Second Amended and Restated Joint Plan of Reorganization" ("the Plan"), which became effective on August 14, 2002.  Sheffield

3

emerged from bankruptcy as Reorganized Sheffield. Prior to its bankruptcy filing, Sheffield was a subsidiary of HMK.

11.    Mr. Ackerman was, at all times relevant to this lawsuit, the Chief Executive Officer and a director of Sheffield.

12.    Mr. Karol was, at all times relevant to this lawsuit, a director of Sheffield.

13.    After the Plan was confirmed, on July 10, 2003, Reorganized Sheffield commenced an Adversary Proceeding in the Northern District of Oklahoma Bankruptcy Court against the Insureds styled as *Sheffield Steel Corporation v. HMK Enterprises, Inc., Steven E. Karol and Robert W. Ackerman*, No. 03-0134. The Adversary Complaint was in four counts, including Avoidance and Fraudulent Transfer under the Oklahoma Uniform Fraudulent Transfer Act (OUFTA) section 117 against the Insureds (Count I), Avoidance and Fraudulent Transfer under the OUFTA section 116 against the Insureds (Count II), Improper Dividend against Mr. Ackerman and Mr. Karol as directors of Sheffield (Count III), and Improper Dividend against the Insureds as shareholders of Sheffield (Count IV).

14.    The Insureds' counsel immediately notified Chubb of the Adversary Proceeding, sent Chubb a copy of the Adversary Complaint and requested that Chubb honor its obligations under the Policy.

15.    Chubb initially denied coverage, claiming that the Plaintiff in the Adversary Proceeding (Reorganized Sheffield) was an Insured under the Policy and thus the Policy's "insured versus insured" exclusion applied. Chubb's position was entirely meritless. The Insureds, through counsel, demonstrated to Chubb that Reorganized Sheffield is not an HMK subsidiary and thus is not an Insured under the Policy and eventually Chubb reversed its meritless position on the "insured versus insured" exclusion. Chubb, however, refused to

reimburse the Insureds for legal costs incurred in connection with its wrongful and meritless assertion of the "Insured versus Insured" exclusion.

16.    Thereafter, the Insureds' counsel wrote to Chubb concerning the availability of coverage under an additional Insuring Clause of the Policy.  Chubb responded by letter, raising only three specific issues, which were reserved and later resolved, and otherwise acknowledged coverage.

17.    Chubb approved the Insureds' retention of lead defense counsel and of local counsel in Oklahoma, agreed to provide coverage for the claims asserted in the Adversary Proceeding, agreed to pay all defense costs, and commenced paying defense costs.  While Chubb stated generally, and vaguely that coverage was subject to the Policy terms and conditions, it did not indicate that it believed that any of the claims set forth in the Adversary Complaint would not be covered, never asserted that there would be or was any basis for any allocation of defense costs for uncovered versus covered claims or that the Policy would not cover HMK as an Insured Organization in connection with the claims asserted by Reorganized Sheffield (and instead expressly stated Chubb would provide coverage to HMK).

18.    On December 5, 2003, in response to the Insureds' Motion to Dismiss the Adversary Complaint, Reorganized Sheffield filed its First Amended Adversary Complaint ("the Amended Complaint").  The Amended Complaint retained the four counts that were included in the Adversary Complaint and added five additional counts:  Count V for Disallowance of Claim against the Insureds, Count VI against HMK for alleged indebtedness, Count VII against Mr. Ackerman and Mr. Karol as directors for breach of fiduciary duty, Count VIII against Mr. Ackerman for Avoidance and Recovery of Fraudulent Transfers under OUFTA section 117 and

5

Count IX against Mr. Ackerman for Avoidance and Recovery of Fraudulent Transfers under OUFTA section 116.

19.    The Insureds, by their counsel, immediately notified Chubb of the Amended Complaint and provided a copy of the Amended Complaint to Chubb. At all times, the Insureds and their counsel kept Chubb fully informed of status of the Adversary Proceeding, sent copies of court papers to Chubb and sought approval for specific actions undertaken by the Insureds and their counsel in connection with the defense of the Adversary Proceeding. Furthermore, in the context of initial meetings with Plaintiff's counsel in the Adversary Proceeding, and with Chubb's prior approval, the Insureds' counsel revealed the Policy limits to counsel for Reorganized Sheffield and represented it availability and applicability to the claims in the Complaint.

20.    After receiving the Amended Complaint, with the full knowledge and approval of Chubb, the Insureds filed a Motion to Dismiss certain counts of the Amended Complaint and separately filed a Motion for Summary Judgment on each and every count of the Amended Complaint. Chubb also approved and paid for investigation and filing of an indemnification action against Sheffield.

21.    While the Motion to Dismiss and Motion for Summary Judgment were pending, the parties again discussed the possibility of mediation. The Insureds' counsel immediately notified Chubb and was told that the matter had been transferred to a new claims specialist. The new claims specialist explicitly approved of (and indeed himself suggested) the idea of mediation and, in late September or early October, the parties scheduled mediation for November 10, 2004, in Tulsa, Oklahoma before a retired federal judge as mediator. Mr. Ackerman, Mr. Karol and their counsel made travel arrangements to fly to Tulsa with the full

6

knowledge and approval of Chubb. The Insureds' counsel coordinated scheduling with local counsel and with the Chubb claims specialist.

22.     Shortly before the scheduled mediation, in bad faith Chubb requested a copy of the Amended Complaint, as though it had not received it nearly a year earlier. The Insureds immediately provided Chubb with the Amended Complaint (for the second time).

23.     Approximately one week before the planned and scheduled mediation and despite the fact that Chubb had not indicated that any of the claims of the Amended Complaint were not covered, that it had changed its coverage position, or that it would insist on any allocation of defense costs, and despite the fact that Chubb had indicated for more than a year exactly the opposite, in an astonishing reversal of its coverage position, Chubb flatly denied coverage for seven of the nine counts of the Amended Complaint, denied coverage to HMK altogether, denied that there was coverage beyond defense costs for the two remaining claims and indicated that defense costs must be allocated between the two claims it deemed covered and the other claims.

24.     Indicative of its bad faith attempts to revise, reverse and avoid its long-standing coverage position, Chubb indicated that it was outlining coverage for the claims in the Amended Complaint having "recently" received and reviewed the Amended Complaint and Summary Judgment papers. To the contrary, Chubb had had the Amended Complaint for nearly a year and had the opportunity to review the Amended Complaint before the Insureds shaped significant portions of their defense of the Adversary Proceeding in reliance upon Chubb's statements and its provision of coverage after it had initially received the Amended Complaint. As well, Chubb was aware of the representations about coverage made to opposing counsel and the expectations and dynamics this had created for a substantial period of time including, without limitation, with

7

regard to the already scheduled mediation. Chubb's actions were in bad faith and designed to coerce its Insureds to use their own money to settle the case at the mediation.

25.    On November 10, 2004, the parties engaged in mediation in Oklahoma. Despite demand by the Insureds and their counsel, Chubb refused to participate in the mediation in good faith and instead continued wrongfully to disclaim coverage and threaten the Insureds that future defense costs would be apportioned despite no reservation of this issue ever, and Chubb's payment of all defense costs for over a year. Chubb's bad faith actions were designed to deter the Insureds from pursuing the litigation and to coerce them into using their own money at the mediation.

26.    The Insureds have no adequate remedy other than that sought herein by which their rights and remedies may be resolved in this dispute. Should Chubb's failure to honor its clear obligations continue, the Insureds will be without the funds to which they are entitled to defend themselves.

27.    The Insureds have fully complied with all conditions contained in the Policy and relied upon the scope of coverage Chubb provided during the course of the Adversary Proceeding, statements made and approvals given by Chubb until recently, on its limited reservation of rights, and its actions following the resolution of these limited issues, which were reserved.

28.    Chubb acted wrongfully and in bad faith in reversing its coverage position, denying coverage to HMK, denying coverage for seven of the nine counts of the Amended Complaint, denying coverage beyond defense costs for the remaining two claims, insisting upon allocation (which Chubb apparently also insists is retroactive despite that it never mentioned

8

allocation for nearly two years) and in literally destroying the mediation efforts set up to settle the Adversary Proceeding in its entirety.

## Count I – Declaratory Judgment

29.     Plaintiffs allege and incorporate herein by reference Paragraphs 1 through 28 above in their entirety.

30.     Chubb has refused to indemnify, defend or provide insurance coverage to the Insureds as it is required to under the Policy.  Accordingly, there now exists an actual case or controversy between the Insureds and Chubb.

31.     The Insureds are entitled to a judgment, pursuant to M.G.L. c. 231A, declaring that Chubb is obligated to indemnify the Insureds in the Adversary Proceeding and to reimburse the Insureds for their attorney's fees and costs incurred in connection with defending the Adversary Proceeding.

## Count II – Breach of Contract

32.     Plaintiffs allege and incorporate herein by reference Paragraphs 1 through 31 above in their entirety.

33.     Chubb issued Policy No. 8122-2404 to HMK and thereby agreed to provide coverage for the Insureds during times relevant to this lawsuit.

34.     Chubb breached this insurance contract.

35.     As a result of Chubb's breach of contract, the Insureds have suffered and continue to suffer damages.

## Count III –Breach of Duty of Good Faith and Fair Dealing

36.     Plaintiffs allege and incorporate herein by reference Paragraphs 1 through 35 above in their entirety.

37.    As parties to a contract with the Insureds, Chubb owes to the Insureds a duty of good faith and fair dealing.

38.    Chubb has breached this duty in their failure to meet their obligations under the Policy at issue.

39.    As a result of Chubb's breach of this duty, the Insureds have suffered damages, and continue to suffer damages, in an amount to be proved at trial.

**WHEREFORE,** HMK Enterprises, Inc., Robert Ackerman and Steven Karol request that this Court grant the following relief:

(i)    enter judgment on Count One in favor of Plaintiffs and against Defendants declaring that that Chubb is obligated to indemnify Plaintiffs in the Adversary Proceeding, and awarding them their attorney's fees and costs incurred in connection with the defense of the Adversary Proceeding.

(ii)    enter judgment in the Plaintiffs' favor on Counts II and III of the Complaint, and award the Plaintiffs damages in an amount to be proven at trial;

(vi)    grant such other and further relief as the Court deems just and proper.

10

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial as to all claims and issues so triable.

Respectfully submitted,

HMK ENTERPRISES, INC., ROBERT
ACKERMAN and STEVEN KAROL,

By their attorneys,

Howard M. Cooper (BBO #543842)
Kevin T. Peters (BBO # 550522)
Heidi A. Nadel (BBO#641617)
TODD & WELD LLP
28 State Street
Boston, MA 02110

DATED:   November 12, 2004

. HEREBY ATTEST AND CERTIFY ON

DEC. 27, 2004 , THAT THE
FOREGOING DOCUMENT IS A FULL
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. _____

ASSISTANT CLERK.

11

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 04-4969 | Trial Court of Massachusetts Superior Court Department |
|---|---|---|
| | | County: Suffolk |

PLAINTIFF(S)  HMK Enterprises, Inc.,
Robert Ackerman, Steven Karol

DEFENDANT(S)  Chubb Corporation, The Federal
Insurance Company, Chubb & Son, Inc.

ATTORNEY. FIRM NAME, ADDRESS AND TELEPHONE
Howard M. Cooper (#543,842)       Todd & Weld LLP
Kevin T. Peters (#550,522)        28 State Street
Heidi A. Nadel (#641,617)         Boston, MA
Board of Bar Overseers Number                02109

ATTORNEY (if known)

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| D13 | Declaratory Judgment GL c.231A | (✓) A | ( ✓ ) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ............................................. $............
  2. Total Doctor expenses .............................................. $............
  3. Total chiropractic expenses ........................................ $............
  4. Total physical therapy expenses .................................... $............
  5. Total other expenses (describe) .................................... $............
                                                            Subtotal $............
B. Documented lost wages and compensation to date ...................... $............
C. Documented property damages to date ................................. $............
D. Reasonably anticipated future medical and hospital expenses ......... $............
E. Reasonably anticipated lost wages .................................. $............
F. Other documented items of damages (describe)

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)    $............

                                                            $............
                                                      TOTAL $............

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

*Defendants breached their obligations under insurance policies to provide coverage.*

*to be determined at trial in excess of*
TOTAL $. *$25,000.*00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: 1/2/04

AOTC-6 mlc005-11/99
A.O.S.C. 1-2000

. HEREBY ATTEST AND CERTIFY ON

DEC. 27, 2004 ____ THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____
ASSISTANT CLERK.

COMMONWEALTH OF MASSACHUSETTS

**3**

SUFFOLK, SS                                 SUPERIOR COURT DEPARTMENT

HMK ENTERPRISES, INC.,           )
ROBERT ACKERMAN and              )
STEVEN KAROL,                    )
                                 )
       Plaintiffs,               )
                                 )      Civil Action No. 04-4969
v.                               )
                                 )
THE CHUBB CORPORATION,           )
FEDERAL INSURANCE                )
COMPANY, CHUBB & SON, INC.,)
                                 )
       Defendants.               )

*12-3-04*
*Allowed*
*(Burnes, J.)*
*Attest:*

## MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Pursuant to Rule 4(c) of the Massachusetts Rules of Civil Procedure, the Plaintiffs,

through their counsel, move that the Court appoint Thomas Savage, a disinterested party of legal

age, as special process server for the purpose of serving the Complaint in this action.

. HEREBY ATTEST AND CERTIFY ON
DEC. 27, 2004 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. _____

ASSISTANT CLERK.

HMK ENTERPRISES, INC.,
STEVEN E. KAROL, and
ROBERT W. ACKERMAN,

The Plaintiffs,

**By their Attorneys,**

*Heidi A. Nadel / NC*

Howard M. Cooper (BBO No. 543842)
Heidi A. Nadel (BBO No. 641617)
TODD & WELD LLP
28 State Street, 31st Floor
Boston, MA 02109
(617) 720-2626 (Telephone)
(617) 227-5777 (Fax)

DATED:        December 2, 2004

# Commonwealth of Massachusetts

4.

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 04-4969

HMK Enterprises, Inc., Robert Ackerman and Steven Karol, _____ , Plaintiff(s)

v.

The Chubb Corporation, Federal Insurance Company, Chubb & Son, Inc., _____ , Defendant(s)

## SUMMONS

Chubb & Son, Inc.
c/o CT Corporation
101 Federal Street, Boston, MA 02110
To the above-named Defendant:

You are hereby summoned and required to serve upon __Howard M. Cooper, Esq.__ Todd & Weld LLP, 28 State Street, 31st Floor, Boston, MA 02109
plaintiff's attorney, whose address is __(above)__ , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse ____, Esquire, at Boston, the ____3rd____ day of December ____, in the year of our Lord two thousand _and four_.

*Michael Joseph Donovan*

Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT    (2) MOTOR VEHICLE TORT    (3) CONTRACT    (4) EQUITABLE RELIEF    (5) OTHER

FORM CIV.P. 1 3rd Rev.

I HEREBY ATTEST AND CERTIFY ON

__DEC. 27, 2004__, THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. _____

ASSISTANT CLERK.

5

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.: 04-4969-E

HMK ENTERPRISES, INC., )
ROBERT ACKERMAN and )
STEVEN KAROL, )
)
     Plaintiffs, )
)
v. )
)
THE CHUBB CORPORATION, )
FEDERAL INSURANCE )
COMPANY, CHUBB & SON, INC.,)
)
     Defendants. )

## AFFIDAVIT OF SERVICE ON CHUBB CORPORATION
## AND THE FEDERAL INSURANCE COMPANY

I, Heidi A. Nadel, declare as follows:

1.    I am an attorney with the law firm of Todd & Weld, LLP counsel for the

Plaintiffs, HMK Enterprises, Inc., Robert Ackerman and Steve Karol in the above-

captioned matter.

2.    The statements contained in this Affidavit are based on my own personal

knowledge.

3.    On December 6, 2004, in accordance with Mass.R.Civ.P. 4(h)(1) and

M.G.L. c.223A, §6, I caused to be served on Defendant, Federal Insurance Company a

copy of the Summons and a copy of the original Complaint in this action by mailing

certified mail/return receipt requested, copies of those papers to Federal Insurance

Company, 15 Mountainview Road, Warren, N.J. 07059.  See attached as Exhibit A,

Domestic Return Receipt, Article Number 7004 0550 0000 4640 7165, from the United States Postal Service demonstrating that the papers were served on Defendant, Federal Insurance Company on December 6, 2004.

      4.       On December 6, 2004, in accordance with Mass.R.Civ.P. 4(h)(1) and M.G.L. c.223A, §6, I caused to be served on Defendant, Chubb Corporation a copy of the Summons and a copy of the original Complaint in this action by mailing certified mail/return receipt requested, copies of those papers to Chubb Corporation, 15 Mountainview Road, Warren, N.J. 07059.  Attached hereto as Exhibit B is the original Domestic Return Receipt, Article Number 0550 0000 4640 7172 7004, from the United States Postal Service demonstrating that the papers were served on Defendant, Chubb Corporation, 15 Mountainview Road, Warren, N.J. 07059.  The date of delivery is not filled out, but had to occur on or before Monday, December 13, 2004.

     I declare under the penalty of perjury that the foregoing is true and correct.

     Executed this 17th day of December, 2004.

Heidi A. Nadel

. HEREBY ATTEST AND CERTIFY ON

DEC. 27, 2004 , THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY.

ASSISTANT CLERK.

2

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Federal Insurance Co.
15 Mountainview Road
Warren, N.J. 07059

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____    ☐ Agent    ☐ Addressee

B. Received by (Printed Name)    Tim Down    C. Date of Delivery  12-10-04

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered    ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7004 0550 0000 4640 7165

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Chubb Corporation
15 Mountainview (av)
Warren, N.J. 07059

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____    ☐ Agent    ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered    ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7004 0550 0000 4640 7172

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540