FILED
IN CLERK'S OFFICE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SCANNED

DATE: 3-24-05

U.S. DISTRICT COURT
DISTRICT OF MASS.
BY: KB

| | |
|---|---|
| HMK ENTERPRISES, INC.,<br>ROBERT ACKERMAN and<br>STEVEN KAROL,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>THE CHUBB CORPORATION,<br>FEDERAL INSURANCE<br>COMPANY, CHUBB & SON, INC.,<br><br>　　　　Defendants. | Civil Action No. 04-12688-MLW |

## ANSWER TO COUNTERCLAIM OF
## DEFENDANT FEDERAL INSURANCE COMPANY

Plaintiffs HMK Enterprises, Inc. ("HMK"), Robert Ackerman ("Mr. Ackerman") and

Steven Karol ("Mr. Karol") (collectively, "the Insureds") hereby respond to the Counterclaim of

Defendant Federal Insurance Company ("Federal") as follows.

1.　　　Admitted.

2.　　　Admitted.

3.　　　Admitted.

4.　　　Admitted.  Further answering, the Insureds state that Federal acted primarily in

Massachusetts with respect to the matters at issue in this case.

5.　　　The Insureds admit that Federal issued the Policy referenced in the first sentence

of paragraph 5 of the Counterclaim, among other policies, to the Insureds.  The allegations in the

second sentence of paragraph 5 purport to quote and characterize the Policy, which Policy speaks

for itself and the Insureds deny any allegations contrary to or inconsistent with the Policy and

specifically deny that the Policy was subject to a $100,000 deductible. To the extent that the allegations contained in the second sentence of paragraph 5 consist of legal conclusions, no response is required.

6. The allegations contained in paragraph 6 purport to quote and characterize the Policy, which Policy speaks for itself and the Insureds deny any allegations contrary to or inconsistent with it. To the extent that the allegations contained in paragraph 6 also consist of legal conclusions, no response is required.

7. The allegations contained in paragraph 7 purport to quote and characterize the Policy, which Policy speaks for itself and the Insureds deny any allegations contrary to or inconsistent with it. To the extent that the allegations contained in paragraph 7 consist of legal conclusions, no response is required.

8. The allegations contained in paragraph 8 purport to quote and characterize the Policy, which Policy speaks for itself and the Insureds deny any allegations contrary to or inconsistent with it.

9. The allegations contained in paragraph 9 purport to quote and characterize the Policy, which Policy speaks for itself and the Insureds deny any allegations contrary to or inconsistent with it.

10. The allegations contained in paragraph 10 purport to quote and characterize the Policy, which Policy speaks for itself and the Insureds deny any allegations contrary to or inconsistent with it. To the extent that the allegations contained in paragraph 10 consist of legal conclusions, no response is required.

11. The allegations contained in paragraph 11 purport to characterize the Policy, which Policy speaks for itself and the Insureds deny any allegations contrary to or inconsistent

2

with it. The allegations contained in paragraph 11 also consist in part of legal conclusions, to which no response is required.

12.     The allegations contained in paragraph 12 purport to quote and characterize the Policy, which Policy speaks for itself and the Insureds deny any allegations contrary to or inconsistent with it.

13.     The allegations contained in paragraph 13 purport to quote and characterize the Policy, which Policy speaks for itself and the Insureds deny any allegations contrary to or inconsistent with it. To the extent that the allegations contained in paragraph 13 consist of legal conclusions, no response is required.

14.     The allegations contained in paragraph 14 purport to quote and characterize the Policy, which Policy speaks for itself and the Insureds deny any allegations contrary to or inconsistent with it. To the extent that the allegations contained in paragraph 14 consist of legal conclusions, no response is required.

15.     The allegations contained in paragraph 15 purport to quote and characterize the Policy, which Policy speaks for itself and the Insureds deny any allegations contrary to or inconsistent with it. To the extent that the allegations contained in paragraph 15 consist of legal conclusions, no response is required.

16.     The allegations contained in paragraph 16 purport to quote and characterize the Policy, which Policy speaks for itself and the Insureds deny any allegations contrary to or inconsistent with it. To the extent that the allegations contained in paragraph 16 consist of legal conclusions, no response is required. Further answering, to the extent that the Policy had an allocation provision, Federal waived that provision and is estopped from relying upon it.

17.     Admitted.

18.     Admitted.

19.     The Insureds admit the allegations contained in the first sentence of paragraph 19. The allegations contained in the second sentence of paragraph 19 consist of legal conclusions to which no response is required.

20.     Admitted.

21.     The Insureds deny the allegations contained in paragraph 21 and admit only that the Plaintiffs in the Underlying Action filed a Complaint, a First Amended Adversary Complaint and a Second Amended Adversary Complaint, each of which speaks for itself and the Insureds deny any allegations contrary to or inconsistent with those documents.

22.     The Insureds deny the allegations of paragraph 22 and admit only that the Plaintiffs in the Underlying Action filed a Complaint, a First Amended Adversary Complaint and a Second Amended Adversary Complaint, each of which speaks for itself and the Insureds deny any allegations contrary to or inconsistent with those documents.

23.     The Insureds admit that HMK received a dividend of $8,997,907 on December 8, 1997, Mr. Ackerman and Mr. Karol were paid dividends in the amount of $90,113 and $30,096, respectively, on January 8, 1998 and that HMK received a dividend of $2,293,981.28 and Mr. Ackerman and Mr. Karol were paid dividends in the amount of $91,715.90 and $6,594.13, respectively, on or about November 15, 1999 and deny any allegations contained in 23 that state otherwise.

24.     The Insureds deny the allegations contained in paragraph 24 and admit only that the Plaintiffs in the Underlying Action filed a Complaint, a First Amended Adversary Complaint and a Second Amended Adversary Complaint, each of which speaks for itself and the Insureds deny any allegations contrary to or inconsistent with those documents.

4

25.    The Insureds deny the allegations contained in paragraph 25 and admit only that the Plaintiffs in the Underlying Action filed a Complaint, a First Amended Adversary Complaint and a Second Amended Adversary Complaint, each of which speaks for itself and the Insureds deny any allegations contrary to or inconsistent with those documents.

26.    The allegations contained in the first sentence of paragraph 26 consist of legal conclusions to which no response is required.  To the extent a response is required, the Insureds deny the allegations contained in the first sentence of paragraph 26.  The Insureds deny the remaining allegations contained in paragraph 26 as stated and admit only that the Plaintiffs in the Underlying Action filed a Complaint, a First Amended Adversary Complaint and a Second Amended Adversary Complaint, each of which speaks for itself and the Insureds deny any allegations contrary to or inconsistent with those documents.

27.    Denied.

28.    Denied.  Further answering, the Insureds state, without limitation, that any purported initial reservation of rights or positions with respect to coverage were resolved with Federal accepting coverage and authorizing the Insureds to so inform opposing counsel in the Underlying Action, and that any later assertion of such rights by Federal was in bad faith and in violation of applicable laws, all as outlined in the Complaint.

29.    Denied.  Further answering, the Insureds state, without limitation, that any purported initial reservation of rights or positions with respect to coverage were resolved with Federal accepting coverage and authorizing the Insureds to so inform opposing counsel in the Underlying Action, and that any later assertion of such rights by Federal was in bad faith and in violation of applicable laws, all as outlined in the Complaint.

30.    Denied.    Further answering, the Insureds state, without limitation, that any purported initial reservation of rights or positions with respect to coverage were resolved with Federal accepting coverage and authorizing the Insureds to so inform opposing counsel in the Underlying Action, and that any later assertion of such rights by Federal was in bad faith and in violation of applicable laws, all as outlined in the Complaint.

31.    Denied.    Further answering, the Insureds state, without limitation, that any purported initial reservation of rights or positions with respect to coverage were resolved with Federal accepting coverage and authorizing the Insureds to so inform opposing counsel in the Underlying Action, and that any later assertion of such rights by Federal was in bad faith and in violation of applicable laws, all as outlined in the Complaint.

32.    Denied. Denied.    Further answering, the Insureds state, without limitation, that any purported initial reservation of rights or positions with respect to coverage were resolved with Federal accepting coverage and authorizing the Insureds to so inform opposing counsel in the Underlying Action, and that any later assertion of such rights by Federal was in bad faith and in violation of applicable laws, all as outlined in the Complaint.

33.    Denied.    Further answering, the Insureds state, without limitation, that any purported initial reservation of rights or positions with respect to coverage were resolved with Federal accepting coverage and authorizing the Insureds to so inform opposing counsel in the Underlying Action, and that any later assertion of such rights by Federal was in bad faith and in violation of applicable laws, all as outlined in the Complaint.

34.    Denied.    Further answering, the Insureds state, without limitation, that any purported initial reservation of rights or positions with respect to coverage were resolved with Federal accepting coverage and authorizing the Insureds to so inform opposing counsel in the

Underlying Action, and that any later assertion of such rights by Federal was in bad faith and in violation of applicable laws, all as outlined in the Complaint.

35.    The Insureds admit the allegations contained in paragraph 35, but state further that Federal has waived any claim it may have had with respect to the Defense Costs paid in connection with the Underlying Action.

36.    The Insureds admit the allegations contained in the first, second and third sentences of paragraph 36. The Insureds deny the allegations contained in the fourth sentence of paragraph 36 as stated and admit only that the Bankruptcy Court approved the settlement between the Insureds and the Plaintiff in the Underlying Action on January 24, 2005.

37.    The Insureds admit that they entered into an Interim Funding Agreement with Federal on or about January 5, 2005, which Interim Funding Agreement speaks for itself and the Insureds deny any allegations contrary to or inconsistent with it.

38.    The allegations contained in paragraph 38 purport to quote and characterize the Interim Funding Agreement, which The Interim Funding Agreement speaks for itself and the Insureds deny any allegations contrary to or inconsistent with it.

39.    The Insureds state that the Interim Funding Agreement speaks for itself and deny any allegations contained in paragraph 39, which are contrary to or inconsistent with it.

40.    The Insureds state that the Interim Funding Agreement speaks for itself and deny any allegations contained in paragraph 40, which are contrary to or inconsistent with it.

41.    The Insureds state that the Interim Funding Agreement speaks for itself and deny any allegations contained in paragraph 41, which are contrary to or inconsistent with it.

### COUNT I

(Declaratory Judgment – Reimbursement/Recoupment)

7

42.    The Insureds repeat and reallege their responses to the allegations set forth in paragraphs 1 through 41 as if set forth fully herein.

43.    The allegations contained in paragraph 43 consist of legal conclusions to which no response is required. To the extent a response is required, the Insureds deny the allegations contained in paragraph 43.

44.    The allegations contained in paragraph 44 consist of legal conclusions to which no response is required. To the extent a response is required, the Insureds deny the allegations contained in paragraph 44.

45.    The allegations contained in paragraph 45 consist of legal conclusions to which no response is required. To the extent a response is required, the Insureds deny the allegations contained in paragraph 45.

46.    The allegations contained in paragraph 46 consist of legal conclusions to which no response is required. To the extent a response is required, the Insureds deny the allegations contained in paragraph 46.

47.    The allegations contained in paragraph 47 consist of legal conclusions to which no response is required. To the extent a response is required, the Insureds deny the allegations contained in paragraph 47.

48.    The allegations contained in paragraph 48 consist of legal conclusions to which no response is required. To the extent a response is required, the Insureds deny the allegations contained in paragraph 48.

49.    The allegations contained in paragraph 49 consist of legal conclusions to which no response is required. To the extent a response is required, the Insureds deny the allegations

contained in paragraph 49 and state further that the claim against HMK referenced in paragraph 49 was not part of the Settlement reached in connection with the Underlying Action.

50.    The allegations contained in paragraph 50 consist of legal conclusions to which no response is required. To the extent a response is required, the Insureds deny the allegations contained in paragraph 50.

51.    The allegations contained in paragraph 51 consist of legal conclusions to which no response is required. To the extent a response is required, the Insureds deny the allegations contained in paragraph 51.

52.    The allegations contained in paragraph 52consist of legal conclusions to which no response is required. To the extent a response is required, the Insureds deny the allegations contained in paragraph 52.

53.    The allegations contained in paragraph 53 consist of legal conclusions to which no response is required. To the extent a response is required, the Insureds deny the allegations contained in paragraph 53.

## FIRST SEPARATE DEFENSE

Federal has failed to state a claim for which relief can be granted.

## SECOND SEPARATE DEFENSE

Federal's claim is barred by the doctrine of unclean hands.

## THIRD SEPARATE DEFENSE

Federal's claim is barred by the doctrines of waiver and release.

## FOURTH SEPARATE DEFENSE

Federal's claim is barred in whole or in part by the doctrine of estoppel.

## FIFTH SEPARATE DEFENSE

Federal is barred from recovery by virtue of its ratification.

### SIXTH SEPARATE DEFENSE

The Insureds were entitled to the payments that Federal now seeks to recover.

### SEVENTH SEPARATE DEFENSE

Federal's claim is barred by the doctrine of laches.

### EIGHTH SEPARATE DEFENSE

Federal breached the terms of the Policy.

### NINTH SEPARATE DEFENSE

Federal's claim is barred due to its own bad faith and wrongful conduct.


Defendants reserve the right to add such other affirmative defenses which may arise as a result of discovery in this action.

WHEREFORE, defendants Steven E. Karol, Robert W. Ackerman and HMK Enterprises, Inc. request that this Court grant them the following relief:

      (i)     enter judgment in their favor and against Federal Insurance Company on each count of the Amended Complaint and on the Counterclaim; and

      (ii)    grant such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial as to all claims and issues so triable.

Respectfully submitted,

HMK ENTERPRISES, INC., ROBERT ACKERMAN and STEVEN KAROL,

By their attorneys,

*Heidi A. Nadel*

Howard M. Cooper (BBO #543842)
Heidi A. Nadel (BBO#641617)
TODD & WELD LLP
28 State Street
Boston, MA  02110

DATED:  March 23, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) mail on 3.23.05

*Heidi A. Nadel*

11