UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HMK ENTERPRISES, INC., ROBERT ACKERMAN and STEVEN KAROL, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 04-12688-MLW |
| v. | ) ) | |
| FEDERAL INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

## CONFIDENTIALITY STIPULATION AND ORDER

It is hereby stipulated and agreed between the parties to this action (referred to herein individual as a "party" and collectively as "parties") and their respective counsel that:

1.    Proceedings and Information Governed.  This Order shall govern any document, information or other thing furnished by any party, including third parties, to any other party in connection with the above-captioned action.  The information protected includes, but is not limited to, documents, things, exhibits, deposition and trial testimony, and all copies, extracts, summaries, compilations, designations and portions thereof.  The Order governs all proceedings in connection with the above-captioned action, including pre-hearing discovery, hearing and appeal.

2.    Designation of Information.  Any such information may be designated as "Confidential" (hereinafter "Confidential Information").

a.    A party shall designate as "Confidential" materials which that party in good faith believes constitute matter used by it in, or pertaining to, its business, which is not generally known and which the party would normally not reveal to third parties or would cause third parties to maintain in confidence.

b.    Such designation may be made by stamping or otherwise marking documents prior to production as follows:

i.    With respect to all documents other than computer tapes or disks or other machine readable material, by marking each of the relevant pages of each document "CONFIDENTIAL". In the alternative, such documents may be designated by written notice of confidential designation to the receiving party, which reasonably describes the documents so designated.

ii.    With respect to computer tapes or disks and other machine readable material, by marking the reel or other container containing such material "CONFIDENTIAL".

iii.    With respect to information disclosed, referred to or produced at depositions, hearings or trial, such information may be designated as confidential by indicating on the record at such deposition, hearing or trial that the testimony or information is Confidential Information or subject to the provisions of this Stipulation. A party may also designate information disclosed at a deposition, hearing or trial as Confidential Information by notifying all parties in writing within thirty (30) days of receipt of the transcript of the specific pages of the transcript which are confidential. All depositions, hearings and trials, and transcripts thereof, shall be automatically treated

as confidential in their entirety for a period extending from the date thereof to thirty (30) days after a full and complete transcript of same is made available.

       iv.    With respect to Confidential Information disclosed, referred to or produced in a party's answers to interrogatories, responses to requests for production or responses to requests for admission, by marking each of the relevant pages of each document "CONFIDENTIAL" as appropriate.

       c.    A providing party that inadvertently fails to mark an item as "Confidential" at the time of the production shall have thirty (30) days after the date of discovery of such fact to correct its failure. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately marked. Within ten (10) days of receipt of the substitute copies, the receiving party shall return or destroy the previous unmarked items and all copies thereof.

       d.    The receiving party may at any time object to the designation of a document or information as "Confidential". Upon not less than five (5) days' written notice to the producing party, the receiving party may apply to the Court for a ruling that the document or information shall not be so treated. Until the Court enters an order changing the designation, the document or information shall be treated as designated and subject to the restrictions in this Order.

       3.    <u>Disclosure of Confidential Information</u>. Materials marked "Confidential" may be disclosed by the receiving party only to:

       (a)    Counsel of record and employees of such counsel, and in-house counsel for the parties who have functional responsibilities relating to the preparation and trial of this action;

(b)    Officers of a party, or employees of a party who are engaged in advising counsel with respect to, or assisting counsel in the preparation of, the prosecution and defense of this action and, in the case of defendant, its reinsurers;

(c)    Outside attorneys, consultants, investigators and experts retained by the parties or counsel to assist (whether designated as trial witnesses or not) in the preparation and trial of this action;

(d)    Court reporters engaged for depositions, and employees of such court reporters reasonably necessary for the transcription of depositions, and persons specifically engaged for the limited purpose of making photocopies;

(e)    The Court and its personnel in this case and any appeal herein;

(f)    Any other person or entity as to whom counsel for the party producing the confidential information agrees in writing, or who the Court directs to have access to such information.

4.    Affidavits. Each person referred to in subparagraphs 3 (c) and (f) hereof to whom material designated as "Confidential" is to be given, disclosed, made available or communicated in any way, shall first execute an undertaking, in the form attached hereto as Exhibit A, agreeing to be bound by the terms of this Order, and a copy of the undertaking shall be served on all parties.

5.    Use. Materials designated as "Confidential" shall be used by the party and persons to whom it is disclosed solely in connection with this action. Such materials shall not be used by such party or persons for any business or other purpose, unless agreed to in writing by all parties to this action or as authorized by further Order of the

Case 1:04-cv-12688-MLW    Document 24    Filed 11/15/2005    Page 5 of 7

Court. No person who is furnished with such materials shall disclose it to any person not entitled under this Order to receive it.

6.    Party's Own Information.    The restrictions on the use of materials designated as "Confidential" established by this Order are applicable only to the use by a party of such materials received from the other party. A party is free to do whatever it desires with its own materials.

7.    Return of Confidential Material.    Within 21 days after the final termination of this action, counsel for the receiving party shall return all copies of materials marked "Confidential", or shall destroy such materials and certify the destruction to counsel for the providing party, except that documents or copies which contain or constitute attorney work product or attorney-client communications may be retained by counsel or destroyed rather than returned.

8.    Use of Confidential Information in Court Filings.    A party seeking to file Confidential Information must file the Confidential Information together with an appropriate motion for impoundment pursuant to Local Rule 7.2, under sealed envelope bearing a legend in substantially the following form:

> This envelope contains documents or things that are filed
> under a Confidentiality Stipulation and Order.

HMK ENTERPRISES, INC.,
ROBERT ACKERMAN and
STEVEN KAROL

By their attorneys,

/s/ Heidi A. Nadel
Howard M. Cooper (BBO#543842)
Heidi A. Nadel (BBO # 641617)
TODD & WELD LLP
28 State Street
Boston, Massachusetts 02109
(617) 720-2626

FEDERAL INSURANCE COMPANY

By its attorneys,

/s/ Jonathan A. Constine
Jonathan A. Constine (*pro hac vice*)
Hogan & Hartson, L.L.P.
555 13th Street, N.W.
Washington, DC 20004
Tel:  (202) 637-5870

Stephen J. Abarbanel (BBO#010100)
Lee M. Holland (BBO#650617)
ROBINSON & COLE L.L.P.
One Boston Place
Boston, Massachusetts 02108
(617) 557-5938

So Ordered this 16th day of November 2005:

Marianne B. Bowler, USMJ
Bowler, J.
United Stated District Court Magistrate Judge

Case 1:04-cv-12688-MLW     Document 24     Filed 11/15/2005     Page 7 of 7

## EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HMK ENTERPRISES, INC.,<br>ROBERT ACKERMAN and<br>STEVEN KAROL,<br><br>    Plaintiffs,<br><br>v.<br><br>FEDERAL INSURANCE<br>COMPANY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Civil Action No. 04-12688-MLW |

I, _____, state that I have read, understood and will comply with

the Stipulation and Order entered by the Court on _____, 2005.

I agree to be bound by the Stipulation and Order and to submit myself to the jurisdiction

of the courts of Massachusetts for the purposes of enforcing the Stipulation and Order.

Date: _____

_____
Name: